UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**LARRY DARNELL GIBSON,**
    **Petitioner,**

  v.            Case No. 18-CV-1885

**JENNIFER MCDERMOTT,**
    **Respondent.**

## ORDER AND RECOMMENDATION

Larry Darnell Gibson[1], who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. (ECF No. 1.) Gibson argues that (1) "Milwaukee County Circuit Court failed to establish legal jurisdiction or personal jurisdiction over [his] being" (*id.* at 6); (2) "[t]he criminal complaint/indictment case #99CF004313 do[es] not have [his] name or address on it, and the charges in [the] complaint are erroneous/wrong" (*id.* at 7); (3) "[i]neffective assistance of counsel by state public defender who did not have time to review [his] situation due to voluminous caseload" (*id.* at 8); and (4) "[a]buse of discretion by the courts Milwaukee County, and the Juvenile Justice Center case #99CF004313 –Juvenile case number 03264824" (*id.* at 9).

---

[1] Petitioner alleges that his legal name is Larry Darnell Cobb.

Accompanying his petition is a Motion for Leave to Proceed Without Prepayment of the Filing Fee. (ECF No. 2.) Because Gibson paid the $5.00 filing fee on December 13, 2018, this motion will be **denied** as moot.

The court must now review Gibson's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Three problems are readily apparent from Gibson's petition. First, his petition appears untimely. According to the petition and the public records of the Wisconsin Court of Appeals and Wisconsin Supreme Court, the Wisconsin Supreme Court denied Gibson's petition for review on August 21, 2001. Therefore, Gibson's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on November 19, 2001, when the deadline for seeking review by the United States Supreme Court passed without Gibson seeking review. Gibson had one year from that date—until November 19, 2002—in which to seek federal habeas corpus relief. *See* 28 U.S.C. § 2244(d)(1).

But because the one-year statute of limitations is an affirmative defense that the respondent may waive, it is usually inappropriate to dismiss a petition as untimely at this preliminary stage. *See Tate v. Borgen*, No. 04-C-1019, 2005 U.S. Dist. LEXIS 48282, at *23 (E.D. Wis. July 26, 2005). Moreover, the one-year statute of limitations is subject to

2

equitable tolling, and "it is difficult to conceive of a situation where a claim of equitable tolling would be clear on the face of the petition." *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004).

Second, it appears that Gibson has failed to exhaust his remedies in state court. A petitioner is required to exhaust his state-court remedies before a federal court will consider the merits of his petition. 28 U.S.C. § 2254(b)(1)(A); *Liberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Arrieta v. Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006). A review of Gibson's petition and Wisconsin circuit court records, available at http://wcca.wicourts.gov, fail to reveal that he has sought relief from the Wisconsin Court of Appeals or the Wisconsin Supreme Court for the issues he now raises in his petition.

The third, and biggest, problem with Gibson's petition is that he does not present any constitutional claims. Gibson pled guilty. (*Id.* at 2.) "Once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." *United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir. 1989); *see Evans v. Huibregtse*, No. 09-C-493, 2012 WL 3648098, at *1 (E.D. Wis. August 22, 2012). As such, all non-jurisdictional arguments in Gibson's petition are deemed waived.

3

With respect to Gibson's jurisdictional argument, he appears to allege that he was unaware that the trial court did not address him by his legal name (Larry Darnell Cobb) until "[he] finally read certain documents [and saw] the wrong that happen[ed]." (ECF No. 1 at 7.) Notably, Gibson does *not* allege that the court lacked personal jurisdiction because of mistaken identity. A review of Wisconsin circuit court records reveals that Gibson filed a request on October 28, 2009 (which was granted) to amend his judgment of conviction to add his birth name "Larry D. Cobb" as an "a/k/a."  The court's failure to address Gibson by his legal name is a mere technicality that does not deprive the trial court of jurisdiction. *See DeBenedictis v. Wainwright*, 674 F.2d 841, 842 (11th Cir. 1982) ("The sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction."); *cf. United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case.").

Furthermore, while Gibson sporadically mentions throughout his petition that he was "15 yrs old", "battling mental and emotional problems", "lack of education", and "brain washed to believe name was Larry D. Gibson" (ECF No. 1 at 6-9), he does not allege that his guilty plea was unknowing or involuntary. The court does not construe his petition so broadly as to construct that argument for him. *See Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("While the courts liberally construe *pro se* pleadings as a matter

4

of course, judges are not … required to construct a party's legal arguments for him." (internal citation omitted)).

In sum, Gibson does not present any cognizable constitutional claims for which he is entitled to relief in the district court. Therefore, the court will recommend that his petition be dismissed.

**IT IS THEREFORE ORDERED** that Gibson's Motion for Leave to Proceed Without Prepayment of the Filing Fee (ECF No. 2) is **denied** as moot.

**IT IS FURTHER RECOMMENDED** that Gibson's petition and this action be **dismissed** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 9th day of January, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge