# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LARRY DARNELL GIBSON,

          Petitioner,

v.

JENNIFER MCDERMOTT,

          Respondent.

Case No. 18-CV-1885-JPS

**ORDER**

        In January 2000, Petitioner was convicted of homicide, as well as weapon and drug charges, in Milwaukee County Circuit Court. (Docket #1 at 2). He was sentenced to 25 years' imprisonment in March 2000. *Id.* He filed a direct appeal which ended, unsuccessfully, in the Wisconsin Supreme Court in July 2001. *Id.* at 3. Nothing was heard from him until he sent correspondence to the state trial court in June 2018. *Id.* at 4. In those letters, Petitioner asserted that the court lacked jurisdiction to convict and sentence him because his last name was Cobb, not Gibson. *Id.* Petitioner says he received no response. *Id.*

        Petitioner filed this habeas action on November 30, 2018. *Id.* He makes four claims. First, Petitioner alleges that the Milwaukee County Circuit Court lacked jurisdiction over him because it did not use his legal name during the criminal proceedings. *Id.* at 6–7. Second, he asserts that the criminal complaint in his case did not have his name and address on it and that some of the charges in the complaint were false. *Id.* at 7–8. Third, Petitioner maintains that he received ineffective assistance of counsel because his attorney was overburdened with other work and did not devote sufficient time to Petitioner's case. *Id.* at 8. Finally, Petitioner offers a

jumbled claim related to issues he had with a related juvenile court proceeding. *Id.* at 9.

This action was originally assigned to Magistrate Judge William E. Duffin. On January 9, 2019, Judge Duffin screened the petition and issued a recommendation to this Court that the case be dismissed. (Docket #9). He did so for three reasons:

> First, his petition appears untimely. According to the petition and the public records of the Wisconsin Court of Appeals and Wisconsin Supreme Court, the Wisconsin Supreme Court denied Gibson's petition for review on August 21, 2001. Therefore, Gibson's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on November 19, 2001, when the deadline for seeking review by the United States Supreme Court passed without Gibson seeking review. Gibson had one year from that date—until November 19, 2002—in which to seek federal habeas corpus relief. *See* 28 U.S.C. § 2244(d)(1).
>
> But because the one-year statute of limitations is an affirmative defense that the respondent may waive, it is usually inappropriate to dismiss a petition as untimely at this preliminary stage. *See Tate v. Borgen*, No. 04-C-1019, 2005 U.S. Dist. LEXIS 48282, at *23 (E.D. Wis. July 26, 2005). Moreover, the one-year statute of limitations is subject to equitable tolling, and "it is difficult to conceive of a situation where a claim of equitable tolling would be clear on the face of the petition." *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004).
>
> Second, it appears that Gibson has failed to exhaust his remedies in state court. A petitioner is required to exhaust his state-court remedies before a federal court will consider the merits of his petition. 28 U.S.C. § 2254(b)(1)(A); *Liberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Arrieta v. Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006). A review of Gibson's petition and Wisconsin circuit court records, *available at* http://wcca.wicourts.gov, fail to reveal that he has

sought relief from the Wisconsin Court of Appeals or the Wisconsin Supreme Court for the issues he now raises in his petition.

The third, and biggest, problem with Gibson's petition is that he does not present any constitutional claims. Gibson pled guilty. [(Docket #1 at 2)]. "Once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." *United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir. 1989); *see Evans v. Huibregtse*, No. 09-C-493, 2012 WL 3648098, at *1 (E.D. Wis. August 22, 2012). As such, all non-jurisdictional arguments in Gibson's petition are deemed waived.

With respect to Gibson's jurisdictional argument, he appears to allege that he was unaware that the trial court did not address him by his legal name (Larry Darnell Cobb) until "[he] finally read certain documents [and saw] the wrong that happen[ed]." (ECF No. 1 at 7.) Notably, Gibson does not allege that the court lacked personal jurisdiction because of mistaken identity. A review of Wisconsin circuit court records reveals that Gibson filed a request on October 28, 2009 (which was granted) to amend his judgment of conviction to add his birth name "Larry D. Cobb" as an "a/k/a." The court's failure to address Gibson by his legal name is a mere technicality that does not deprive the trial court of jurisdiction. *See DeBenedictis v. Wainwright*, 674 F.2d 841, 842 (11th Cir. 1982) ("The sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction."); *cf. United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case.").

Furthermore, while Gibson sporadically mentions throughout his petition that he was "15 yrs old", "battling mental and emotional problems", "lack of education", and "brain washed to believe name was Larry D. Gibson" (ECF No. 1 at 6-9), he does not allege that his guilty plea was unknowing or involuntary. The court does not construe his

> petition so broadly as to construct that argument for him. *See Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("While the courts liberally construe *pro se* pleadings as a matter of course, judges are not … required to construct a party's legal arguments for him." (internal citation omitted)).

*Id.* at 2–5. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Federal Rule of Civil Procedure 72(b)(2), Petitioner was afforded an opportunity to object to Judge Duffin's recommendation. Petitioner submitted such an objection on January 18, 2019. (Docket #10).

Petitioner makes several arguments in his objection, but none warrant departure from Judge Duffin's carefully reasoned recommendation. First, he says that Judge Duffin inappropriately required proof that Petitioner's last name is Cobb. (Docket #10 at 1–2). Not so; Judge Duffin said nothing of the sort, and notably, his reasoning for recommending dismissal remains valid whether Petitioner's last name is Cobb, Gibson, or any other name imaginable. What matters is that Petitioner has not alleged anything more than a technical error in the underlying criminal complaint. Such an error did not deprive the state court of jurisdiction over him. *DeBenedictis*, 674 F.2d at 842.

Next, Petitioner complains that his civil rights have been consistently violated by Wisconsin officials since he encountered the juvenile justice system in his youth. (Docket #10 at 2). The conviction under review has nothing to do with his juvenile justice experiences. Those periods of Petitioner's life are not before the Court in this habeas proceeding, as it concerns only whether his present confinement was imposed in violation of the Constitution or federal law.

Petitioner then addresses Judge Duffin's three particular conclusions regarding the unviability of the present petition. On timeliness, he contends

that his petition was fifteen years late because he received ineffective assistance of counsel. *Id.* at 4. He further asserts that at the time of his conviction, he was diagnosed with mental disorders including mild intellectual impairment, manic depression, and depersonalization disorder, and was held in segregated confinement, suggesting these as additional reasons he did not file his petition on time. *Id.* at 4–5.

Equitable tolling can forgive late habeas filings, but the Seventh Circuit has never afforded a habeas petitioner more than a few months' time in such instances. *Gray v. Zatecky*, 865 F.3d 909, 912 (7th Cir. 2017); *Gladney v. Pollard*, 799 F.3d 889, 894–95 (7th Cir. 2015). When, as here, a habeas petition is fifteen years late, it becomes one of the rare instances in which untimeliness is a ground for dismissal on the face of the petition alone.

As to exhaustion of state court remedies, Petitioner complains that the state courts have repeatedly violated his constitutional rights. (Docket #10 at 5). He seems to imply that the state courts either need not be consulted concerning his claims or have ignored them. *Id.* Neither argument carries weight here; even if a prisoner thinks resort to a state court post-conviction proceeding will be futile, he must do it before bringing his claims to a federal court. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits.").

Finally, Petitioner claims that he presented a constitutional claim in the form of his allegation that he was wrongfully convicted under a false name. (Docket #10 at 6). This argument continues to take him nowhere. Petitioner never claims that he is not the person who committed the crimes

to which he pleaded guilty. He alleges only that the criminal complaint bore the wrong name. As has been explained above, this error, if it was one, did not deprive the state court of jurisdiction to convict and imprison him. Having pleaded guilty to the crimes of conviction, Petitioner's other potential claims, including allegations against his defense lawyer, have been waived. *See* (Docket #10 at 6–7); *Brown*, 870 F.2d at 1358.

In light of the foregoing, the Court will overrule Petitioner's objection to Judge Duffin's recommendation and adopt that recommendation in full. This includes denying Petitioner a certificate of appealability. Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists would not debate whether the petition should have been resolved in a different manner. As a consequence, the Court is further compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's January 9, 2019 Report and Recommendation (Docket #9) be and the same is hereby **ADOPTED**, and Petitioner's January 18, 2019 objection to the recommendation (Docket #10) be and the same is hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge